UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>SAMUEL OLADIMEJI,<br><br>Defendant. | 19-CR-236 (AKH)<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE** |

ALVIN K. HELLERSTEIN, U.S.D.J.:

On February 3, 2023, I sentenced the Defendant to a term of imprisonment of thirty-two months for a violation of 18 U.S.C. § 1343, commission of wire fraud. This term is to be followed by three years of supervised release. He was sentenced according to a criminal history category of I and a base offense level of 21 points, yielding a guideline range of 37 to 46 months.

On February 5, 2024, the Defendant moved for a reduction of sentence pursuant to Amendment 821 of the United States Sentencing Guidelines, which altered Section 4A1.1 of the Guidelines. In April of 2023, the U.S. Sentencing Commission amended Section 4A1.1, reducing the base offense level of a first-time offender, known as a "Zero Point Offender," whose crime did not involve violence, death or serious bodily injury, a sex offense, or the imposition of substantial financial hardship on another, among other qualifications, by two points. Simultaneously, the Commission promulgated Amendment 821, which allows any of the April 2023 amendments to the Guidelines to be applied retroactively to defendants already serving out their sentence.

In the motion to reduce his sentence, Defendant argues that under the new amendments, which Amendment 821 makes retroactive, two of the points in his base offense level should be

removed pursuant to the Zero Point Offender recalculation, rendering a base offense level of 19 instead of 21.

Defendant is correct that he is eligible for such a reduction. A removal of two of his base offense level points, however, produces a sentencing range of thirty to thirty-seven months. The Defendant's original sentence already falls within this amended range, and it was made with the 3355(a) sentencing factors in mind, namely the seriousness of stealing the money of others; general deterrence of any similar criminal activity by others; and specific deterrence of the defendant from thieving again. *See* ECF No. 69, Tr. at 11:6-12:8. Nothing in the guideline amendments alters my calculation of what is a just sentence under the circumstances, so I decline to reduce the Defendant's original sentence of thirty-two months any further.

The Clerk shall terminate ECF No. 72.

SO ORDERED.

Dated: May 22, 2024
New York, New York

Alvin K. Hellerstein
United States District Judge